UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
YULY PRUDENTE, :
:
Plaintiff, :
: 24-CV-7398 (VSB)
-against- :
: **ORDER**
:
PROHEALTH CONNECT, LLC, *et al.*, :
:
Defendants. :
:
----------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

  The parties seek the Court's approval of the settlement agreement in this Fair Labor Standards Act ("FLSA") case pursuant to, *inter alia*, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Plaintiff has submitted various materials in support of settlement approval. (*See* Doc. 16.) I may approve the settlement only if the parties' submissions indicate the settlement agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (internal quotation marks omitted). Plaintiff's submissions are insufficient for me to approve the settlement at this time.

  First, the parties' settlement agreement, (Doc. 16-1), appears to contain a typo. Plaintiff's letter in support of settlement approval indicates that "[t]he total settlement amount between Plaintiff and Defendants is $30,000." (Doc. 16 at 2.) The agreement states: "In consideration for the promises made by Plaintiff, as set forth in this Agreement, Defendants agree to pay Plaintiff the total sum of Twenty Thousand Dollars and Zero Cents ($30,000.00)." (Doc. 16-1 at 1.) Plaintiff's letter in support of settlement approval indicates that "[t]he total settlement amount

between Plaintiff and Defendants is $30,000," (Doc. 16 at 2.)  Although it appears that the parties have agreed that the total settlement amount is $30,000, I will order Plaintiff to submit an amended settlement agreement to correct what appears to be a typographical error.

Second, Plaintiff's submissions with respect to the total potential recovery are insufficient for the Court "to evaluate the bona fides of the dispute." *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted).  Plaintiff's letter in support of the settlement agreement states:

> Based on the allegations in the complaint and information available at this time, Plaintiff would be owed unpaid overtime wages of approximately $78,600 ($19,650 on her straight time claim and $58,950 on her on-call claim), under the NYLL six-year statute of limitations period—including about $52,200 ($13,050 on her straight time claims and $39,150 on her on-call claims) under the FLSA two-year statute of limitations for non-willful violations.  Defendants may also be able to avoid the imposition of liquidated damages – including liquidated damages on the manual worker claim, if they prove a good-faith affirmative defense.  Defendants dispute the alleged work hours and take the position that Plaintiff was properly compensated for any hours worked.  More specifically, the parties dispute whether certain on-call time constituted work and were compensable under the FLSA and NYLL—29 CFR § 785.17; 29 CFR § 785.16(a)—a major part of Plaintiff's overtime claims and whether Plaintiff was an employee of Defendants or an independent contractor.  In general Defendants deny Plaintiff's allegations.  Plaintiff also brough [*sic*] claims for unpaid reimbursement for expenses of approximately $32,750.
>
> The total settlement amount between Plaintiff and Defendants is $30,000.

(Doc. 16 at 2.)

This information is insufficient for the Court to review "the bases of estimates of plaintiffs' maximum possible recovery." *Gaspar*, 2015 WL 7871036, at *1 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).  To begin, the total settlement amount accounts for both FLSA and non-FLSA claims, but I cannot evaluate the fairness of the FLSA settlement because the parties do not "indicate how much of the settlement amount

2

constitutes payment for [the] non-FLSA claims" as opposed to the FLSA claims.[1]  *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647, 2016 WL 3637103, at *2 (S.D.N.Y. June 29, 2016); *see also Fleming v. NADAP, Inc.*, No. 23-CV-8892, 2024 WL 5056352 (S.D.N.Y. Dec. 9, 2024) ("When seeking approval of a FLSA settlement, the plaintiff must supply calculation addressing all possible sources of [her] potential damages." (internal quotation marks omitted)).  Relatedly, from the statement "Defendants may also be able to avoid the imposition of liquidated damages," (Doc. 16 at 2), it is unclear whether Plaintiff believes that she is entitled to liquidated damages on her FLSA claim, and therefore disputes that Defendants acted in good faith and had reasonable grounds to believe they were complying with FLSA.  Liquidated damages would double Plaintiff's total potential recovery, *see* 29 U.S.C. § 216(b), and Plaintiff's equivocal submission makes it impossible to know what her "total alleged damages" are, which is "a critical component of" determining whether the settlement amount is fair and reasonable.  *Clarke v. City of New York*, No. 23-CV-2158, 2024 WL 1718082, at *2 (S.D.N.Y. Apr. 22, 2024).  Finally, Plaintiff's letter indicates that "Defendants dispute the alleged work hours."  (Doc. 16 at 2.)  When parties to a proposed FLSA settlement agreement "disagree over the calculation of wages owed, they must provide each party's estimate of the number of hours worked and the applicable wage."  *Gaspar*, 2015 WL 7871036, at *1 (internal quotation marks omitted).  Without such an estimate, I am unable to determine whether the settlement is fair and reasonable.

---

[1] The non-FLSA claims here are the NYLL claims; parties need not seek court approval to settle NYLL claims.  *See Lee v. New Kang Suh Inc.*, No. 17-CV-9502, 2020 WL 5504309, at *3 (S.D.N.Y. Sept. 11, 2020) ("The Court notes that settlement agreements for NYLL-related claims . . . do not enjoy the FLSA's expressed prohibition of waiver and unsupervised settlements and are generally enforceable."); *Melendez v. Rockaway Maint. Partners Corp.*, No. 22-CV-10679, 2023 WL 8113382, at *6 (S.D.N.Y. Nov. 22, 2023) (same).  However, when submitting a more detailed estimate of Plaintiff's total potential recovery, the parties should be mindful that the estimate may not double-count back wages or liquidated damages purportedly owed under the FLSA and the NYLL.  *See Estrada v. Therapy PLLC*, No. 20-CV-6125, 2021 WL 4427068, at *3 (S.D.N.Y. Sept. 27, 2021) (back wages); *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (liquidated damages).

Accordingly, it is hereby:

ORDERED that no later than February 19, 2025, the parties submit (A) a corrected settlement agreement addressing the typographical error, and (B) a joint letter addressing the deficiencies noted above regarding the total settlement amount. Specifically, the joint letter shall (1) provide each party's estimate of the hours Plaintiff worked and the applicable wage with regard to Plaintiff's FLSA claim and in a level of detail consistent with this order and the applicable caselaw; (2) denote the portion of the total settlement amount corresponding the Plaintiff's FLSA claim; and (3) specify whether Plaintiff is claiming liquidated damages under the FLSA.

SO ORDERED.

Dated: January 30, 2025
      New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge