UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| YULY PRUDENTE, Plaintiff, -against- PROHEALTH CONNECT, LLC, *et al.*, Defendants. | : | 24-CV-7398 (VSB) **OPINION & ORDER** |

Appearances:

Abdul K. Hassan
Abdul Hassan Law Group, PLLC
Queens Village, New York
*Counsel for Plaintiff*

Joshua Beldner
Tilton Beldner LLP
Uniondale, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Pursuant to my January 30, 2025 Order rejecting the parties' proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims, (Doc. 17 ("Order")), Plaintiff submitted a supporting letter, (Doc. 26 ("Second Letter")), a Revised Settlement Agreement, (Doc. 26-1 ("Revised Agreement")), and Defendant's mediation submission in response to my Order, (Doc. 26-2). Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807, 810 (2d Cir. 2022). In the absence of Department of Labor approval,

the parties must demonstrate to me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

After reviewing the parties' materials, for the reasons stated below, I find that the Revised Agreement is fair and reasonable. Therefore, Plaintiff's motion seeking an order approving the Revised Agreement is GRANTED and Plaintiff's motion to expedite a ruling, (Doc. 27), is DENIED as moot. The action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

## I. <u>Legal Standard</u>

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (alteration in original)). A fee may not be reduced "merely because

the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. <u>Discussion</u>

Before me is the parties' Revised Agreement and Second Letter in support of its approval. Also before me are the parties' First Letter in support of the settlement agreement, (Doc. 16 ("First Letter")), the first settlement agreement, (Doc. 16-1), the billing records of Plaintiff's attorney, (Doc. 16-3 ("Billing Records")), and receipts for the costs sought in this action, (Doc. 16-4). Having independently reviewed these materials, I find that the terms of the Revised Agreement are fair, reasonable, and adequate, and therefore approve it.

### A. *Settlement Amount*

First, I consider the settlement amount provided for in the Revised Agreement. The Complaint asserts three claims: (1) violation of the overtime provision of the FLSA, (Doc. 1 ¶¶ 40–45); (2) violation of the overtime provision of the New York Labor Law ("NYLL"), (*id.* ¶¶ 46–49); and (3) violations of various other provision of the NYLL, including for failure to pay wages and failure to provide wage notices, (*id.* ¶¶ 50–57). To assess the fairness of the settlement amount, courts in this Circuit compare the settlement amount to the plaintiff's "maximum possible recovery" had the plaintiff prevailed on his or her FLSA claims at trial. *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021) (internal citations omitted).

Here, the Revised Agreement provides for a total settlement amount of $30,000, comprising $19,422 in compensation to Plaintiff, $9,711 to Plaintiff's attorneys for their fees, and $867 to Plaintiff's attorneys in costs. (Revised Agreement § 1.) I rejected the previous agreement because

the information was insufficient for my review of the bases of estimates of Plaintiff's total potential recovery. (*See* Order 2–3.) In response to my Order, the Second Letter (1) provides an estimate of the hours Plaintiff worked and the applicable wage with regard to Plaintiff's FLSA claim; (2) denotes the portion of the total settlement amount corresponding the Plaintiff's FLSA claim; and (3) specifies whether Plaintiff is claiming liquidated damages under the FLSA, in response to my Order. (*See* Second Letter.) Plaintiff asserts that if she had prevailed on her claims, she would have received $19,650 in unpaid wages, $58,950 in overtime damages, $32,750 in expenses,[1] liquidated damages equivalent to the actual damages of $111,350,[2] and $72,050 in damages for being paid later than weekly, for a total of $294,750. (Second Letter 2.) Thus, if proven, Plaintiff's total damages award would be approximately $294,750, (*id.*), which means that the total possible settlement award against which I should evaluate the Settlement Agreement is $294,750.

Under the Settlement Agreement, Plaintiff would receive $30,000, less $10,578 in attorneys' fees and costs, for an actual recovery of $19,422, (Revised Agreement § 1), or approximately 6.6% of her total possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk*, 538 F. Supp. 3d at 323 (collecting cases) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable). Thus, the settlement amount,

---

[1] Plaintiff calculated her total potential recovery including $32,750 in liquidated damages for expenses. (Second Letter 2.) "Under the FLSA, any employer who violates the minimum wage and overtime provisions of the FLSA is presumptively liable to the affected employees, in addition to back pay, for 100% of the unpaid wages as liquidated damages." *Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 330 (S.D.N.Y. 2021) (citing 29 U.S.C. § 216(b)), *report and recommendation adopted*, No. 20-CV-5409, 2022 WL 282918 (S.D.N.Y. Jan. 31, 2022); *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020), *report and recommendation adopted*, 2021 WL 2139441 (S.D.N.Y. May 26, 2021) ("The amount of liquidated damages is equal to 100% of the amount owed to the Plaintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours."). Recalculating Plaintiff's total potential recovery excluding $32,750 in liquidated damages for expenses yields a revised total potential recovery of $262,000. Plaintiff's settlement amount of $19,422 is approximately 7.4% of her total potential recovery excluding liquidated damages on expenses.

[2] Liquidated damages are typically considered as part of the overall damages when evaluating a FLSA settlement. *See, e.g.*, *Cronk*, 538 F. Supp. 3d at 322 (considering "liquidated damages" in evaluating the "maximum possible recovery"); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (same).

as a percentage of Plaintiff's potential recovery, is on the lower end of the range of recoveries commonly approved by courts in this Circuit. "While the Court is mindful that plaintiff['s] recovery will be a tiny fraction of [her] potential recovery at trial, the range of possible recovery is only one factor relevant to settlement approval. The others strongly favor approval." *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (approving a FLSA settlement providing for a $21,000 recovery out of the potential recovery of $522,389.30, which equals to 4% of potential recovery, where the other *Wolinsky* factors weighed in favor of approval). "[W]here the other *Wolinsky* factors support approval – which is the case here, as will be discussed next – courts typically do not let the percentage of recovery impede approval, because the parties are generally better-positioned to judge the reasonableness of the settlement amount." *Axelrod v. PosiGen CT LLC*, No. 3:22-CV-00440, 2022 WL 18775907, at *3–4 (D. Conn. Nov. 7, 2022) (recommending approval of a FLSA settlement equal to approximately 2.78% of the total possible recovery where the other *Wolinsky* factors weighed in favor of approval), *report & recommendation adopted*, (D. Conn. Dec. 1, 2022); *see also Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *2 (S.D.N.Y. Oct. 24, 2019) (approving a FLSA settlement providing for a $40,000 recovery out of a potential recovery of $575,000, which equals to approximately 7% of potential recovery, where the other *Wolinsky* factors weighed in favor of approval); *Ramirez v. Harishivji Inc.*, No. 19-CV-4172, 2020 WL 8872788, at *2 (S.D.N.Y. Apr. 16, 2020) (approving a FLSA settlement providing for a $7,200 recovery out of a potential recovery of $125,658, which equals to approximately 5.7% of potential recovery, where the other *Wolinsky* factors weighed in favor of approval); *Hollis v. All Am. Bar on First, Inc.*, No. 22-CV-1466, 2023 WL 4350613, at *2–3 (S.D.N.Y. July 5, 2023) (approving a FLSA settlement equal to approximately 3.7% of potential recovery where the other *Wolinsky* factors weighed in favor of approval); *Troncoso v. 735 Supermarket Corp.*, No. 24-CV-5338, 2025 WL 1150707, at *2–3

(S.D.N.Y. Apr. 18, 2025) (approving a FLSA settlement equal to approximately 9% of potential recovery where the other *Wolinsky* factors weighed in favor of approval).

First, the original settlement agreement and the Revised Agreement resulted from arm's-length negotiations at which Plaintiff was "represented by competent, experienced counsel." *Penafiel*, 2015 WL 7736551, at *2. Second, the agreement was reached early in the proceedings prior to conducting formal discovery but after exchanging Rule 26 initial disclosures, providing an analysis of claims to Defendants, exchanging information at a mediation, and participating in a mediation. (First Letter 2; Billing Records.) Third, the settlement amount is reasonable given the litigation risks of this case, as there is "disagreement between the parties as to the hours worked, period of employment, [and] employee/independent contractor status," and a settlement avoids additional litigation burdens and expenses. (First Letter 2–3.) Indeed, Defendant's submission to the mediator indicates that Defendant disputed Plaintiff's hours and her employee status and thus Defendant asserts that Plaintiff was not due any overtime compensation. (Doc. 26-2.) "At a minimum, these disputes could require time-consuming and costly discovery, something the parties may legitimately seek to avoid." *Aguilar*, 2019 WL 5449061, at *2 (citing *Tamayo v. DHR Rest. Co., LLC*, No. 14-CV-9633, 2017 WL 532460, at *6 (S.D.N.Y. Feb. 3, 2017) (explaining that how to classify a particular employee is a "difficult and intensive factual inquiry" that "some courts have deemed a determination of relative importance" (internal quotation marks omitted)). Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining between experienced counsel. (First Letter 3.)

Moreover, "[n]one of the four factors that weigh against FLSA settlement approval appear to be present here. No other employee has come forward; therefore, only the named plaintiff[] would be affected by dismissal. And there appears to be no practical likelihood of recurrence . . . because

the [Plaintiff] no longer work[s] for defendants, the Court has little concern that defendants used improper leverage to secure the settlement." *Penafiel*, 2015 WL 7736551, at *2 (internal citations omitted).

I have reviewed the remainder of the Revised Agreement, and I find the remaining provisions fair and reasonable. For example, the Revised Agreement does not include an overbroad release clause; Plaintiff's release is limited to FLSA, NYLL, or other applicable wage and compensation-related claims. (Revised Agreement § 3.) The Revised Agreement contains no confidentiality provision or non-disparagement clause. (*See generally* Revised Agreement.) This means that the Revised Agreement does not raise the concern of a "highly restrictive confidentiality provisions," which would be "in strong tension with the remedial purposes of the FLSA." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015).

Accordingly, considering the totality of circumstances, I find that the Revised Agreement is fair and reasonable.

**B. *Attorneys' Fees***

As the settlement includes a provision for attorneys' fees, I must "evaluate the reasonableness of the fees and costs" requested. *Fisher*, 948 F.3d at 600. A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation "creates a 'presumptively reasonable fee'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must

provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases).

As discussed, the Revised Agreement provides that Plaintiff's attorneys will receive $9,711 in fees and $867 in costs. (Revised Agreement § 1.) With regard to the $867 in costs, Plaintiff's counsel represents that this amount accounts for filing fees, service fees, and postage costs. (First Letter 3; Doc. 8-4.) I find that these are "the sort of 'reasonable out-of-pocket expenses' that attorneys would 'ordinarily charge to their clients,'" and therefore approve this request. *Trinidad v. 62 Realty, LLC*, No. 22-CV-101, 2023 WL 6850126, at *9 (S.D.N.Y. Oct. 17, 2023) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (cleaned up), *report and recommendation adopted in relevant part*, 2023 WL 8005778 (S.D.N.Y. Nov. 17, 2023).

The $9,711 requested in attorneys' fees represents approximately one-third the total settlement amount. The billing records submitted in this case document that Plaintiff's attorney spent a total of 21.10 hours in this case at $500 per hour. (Billing Records.) This figures to a total of $10,550. (*Id.* at 4.) Plaintiff's attorney, a solo practitioner, spent time on at least the following activities: prelitigation investigation, developing the case strategy, drafting the operative pleading, exchanging informal discovery, preparing for and participating in mediation, and drafting the motion for settlement approval. (*See* Billing Records.)

I find that the fee award in the Revised Agreement is reasonable. Awards representing one-third of the plaintiff's total recovery are routinely approved in this District. *Pinzon v. Jony Food Corp.*, No. 18-CV-105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015))). The one-third recovery amount is less than the lodestar amount, and the billing rates and hours worked similarly fall within the range of permissible FLSA fee awards. *Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2024 WL 3730569, at *3 (S.D.N.Y. Aug. 6, 2024) ("Courts in this district have approved hourly rates for partners of $600 per hour in FLSA [] suits." (collecting cases)); *Kim v. J&J Safetymate Corp.*, No. 22-CV-1070, 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) ("[T]he current forum rates in the Eastern District of New York, which were recently adjusted for inflation, are $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals." (internal quotation marks omitted)).

Based on this analysis, I find the Revised Agreement's cost and fee award to be fair and reasonable.

## III. Conclusion

For the foregoing reasons, I find the Revised Agreement, including the cost and fee provisions, to be fair and reasonable. Accordingly, the Revised Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement. *See Barbecho v. Matrat LLC*, No. 15-CV-00170, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021).

The Clerk of Court is respectfully directed to close the motion at Doc. 27 and terminate this action.

SO ORDERED.

Dated: July 17, 2026
New York, New York

Vernon S. Broderick
United States District Judge